# BALTIMORE CITY COURT.

Filed March 14, 1922.

TIDEWATER PORTLAND CEMENT COMPANY
VS.
S. DANA LINCOLN, TRADING AS NATIONAL MORTAR COMPANY.

*Vernon Cook* and *Wm. J. O'Brien, Jr.,* for plaintiff.
*Marbury, Gosnell & Williams, Judge Robert P. Wright,* Washington, D. C., and *Wm. L. Rawls* for defendant.

DAWKINS, J.—

This motion for a new trial comes following a trial of a case that consumed over two weeks after a full, fair and exhaustive hearing before a jury. Under the circumstances as indicated at the hearing of this motion the verdict should not be disturbed unless there be strong and compelling reasons. Practically all of the reasons given for granting the motion were disposed of at the hearing. It is difficult to imagine how it could be possible that twelve men, or any one of them, after the figures representing the respective claims of the parties were upon the blackboard all through the trial with daily reference to them by counsel and witnesses could have been misunderstood as claimed. The court is very clear, however, that it would be exceedingly dangerous and improper to allow juries to tell now what their views were so that on the broad ground of public policy discountenancing juries testifying in an effort to impeach their own verdict, especially when the verdict they rendered is reconcilable with the fact presented, it would be error to receive such testimony, therefore, the reason alleged that the jurors did not understand the figures could not be considered.

The second reason that the verdict is against the instructions of the court is not tenable unless there is a definite error made. This the court does not see, unless the figures presented in discussing the third reason offered that the verdict is against the evidence, in that the items of shipments upon which the defendants were entitled to commissions were very much less than the number of barrels that would be necessary to make up such amount as would eliminate the plaintiff's claim and allow an excess of $10,000 for the defendant.

The able and illuminating briefs presented by counsel on this particular point have been fully considered. The court has reached the conclusion after going over the figures and drawing reasonable deductions therefrom, that the jury upon all of the facts before it could have found a verdict for the defendant or the plaintiff, basing its finding upon the evidence presented by the respective sides to the controversy, without rendering an erroneous verdict.

The jury is the judge of the facts. It evidently accepted the statements of one set of witnesses and did not accept those of the other side when there were conflicts. Therefore, it is not deemed proper to disturb the verdict of the jury. The motion is overruled.